

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-4364
Re: Articles 4727, Vernon's Anno-
tated Civil Statutes, and 577,
Penal Code of Texas, applied to
officers of Lloyds associations
and reciprocal exchanges.

Your request for an opinion of this department reads:

"In an opinion dated September 27, 1937, your
Department held that Article 4727, Chapter 3, Title
78, Revised Civil Statutes of Texas, applied to of-
ficers and directors of Fire and Casualty insurance
companies as well as Life insurance companies. Will
you please now advise your opinion as to whether or
not Article 4727 is applicable to Attorneys-in-Fact
for a lloyds organization and a reciprocal exchange;
in other words, do the provisions of Article 4727
prevent a lloyds or a reciprocal exchange from making
a loan to the Attorneys-in-Fact, or from purchasing
securities from the Attorneys-in-Fact, or from in-
vesting its funds in the securities of a corporation
owned or controlled by the Attorneys-in-Fact."

The opinion to which you refer is dated September 17, 1937,
and appears in Volume 378, Letter Opinions of the Attorney General,
page 312. Such opinion held that Article 4727, Vernon's Annotated
Civil Statutes, and Article 577 of the Penal Code of Texas applies
to officers and directors of fire and casualty companies, even though
Article 4727 appears in Chapter 3, Title 78, Vernon's Annotated Civil
Statutes, the chapter providing for the creation and operation of
stock life insurance companies, and does not appear in the chapters
dealing with fire and casualty companies.

Article 4727, Vernon's Annotated Civil Statutes, reads:

"No director or officer of any insurance company
transacting business in or organized under the laws
of this State, shall receive any money or valuable thing
for negotiating, procuring, recommending or aiding in

any purchase or sale by such company of any property, or any loan from such company, nor be pecuniarily interested, either as principal, co-principal, agent or beneficiary in any such purchase, sale or loan. Nothing in this article shall prevent a life insurance corporation from making a loan upon a policy held therein, by the borrower, not in excess of the reserve value thereof."

Article 577, Penal Code of Texas, reads:

"No director or officer of any insurance company transacting business in this State, or organized under the laws of this State, shall receive any money or valuable thing for negotiating, procuring, recommending or aiding in any purchase or sale by such company of any property or any loan from such company, nor be pecuniarily interested either as principal, co-principal, agent or beneficiary, in any such purchase, sale or loan. Nothing contained in this article shall prevent a life insurance corporation from making a loan upon a policy held therein, by the borrower not in excess of the reserve value thereof. Any person violating any provision of this article shall be fined not less than three hundred nor more than one thousand dollars."

Chapter 19, Title 78, Vernon's Annotated Civil Statutes, provides the method for the creation of Lloyds insurance associations. Article 5014 thereof provides for the designation of an attorney-in-fact. The provisions and scope of the power of attorney are left to individual contract.

Chapter 20, Title 78, Vernon's Annotated Civil Statutes, provides the method for the creation of reciprocal insurance exchanges. Article 5025 thereof provides for the appointment of an attorney-in-fact to act for the subscribers and the contents and provisions of the power of attorney are left to individual contract.

We believe the attorneys-in-fact provided for in Chapters 19 and 20, supra, to be officers within the purview of Article 4727 and Article 577, supra. We likewise believe Lloyds associations and reciprocal exchanges are insurance companies within the purview of such articles. They are so considered and dealt with by the regulatory laws of this State.

We believe there would be no difficulty in answering your question if it were not for Article 5023 , contained in Chapter 19, and Article 5033, contained in Chapter 20.

Article 5023 reads:

"Except as herein provided, no other insurance law
of this State shall apply to insurance on the Lloyd's plan
unless it is specifically so provided in such other law
that the same shall be applicable."

Article 5033 reads:

"Except as herein provided, no insurance law of
this State shall apply to the exchange of such indemnity
contracts unless they are specifically mentioned."

Thus it becomes necessary for us to determine whether or not
Articles 4727 and 577, supra, are insurance laws within the purview of
the last quoted statutes.

Our opinion No. O-1586, conference opinion No. 3097, fully
considered and discussed Articles 4727 and 577, supra, as applied to
a given fact situation. It was therein stated:

"At the outset we call your attention to the fact
that Article 4727 and Article 577 do not prohibit a life
insurance company from doing anything.

"The two statutes, civil and criminal, do contain an
express prohibition, but it is directed at the directors and
officers of insurance companies, and in no manner can it be
construed as a restraint upon the power and authority of in-
surance companies to make valid loans."

In view of the reasoning contained in such opinion, we hold
that Articles 4727 and 577 are not insurance statutes within the
meaning of Articles 5023 and 5033.

It is our opinion therefore that Articles 4727 and 577
apply to the officers of Lloyds associations and reciprocal ex-
changes as fully as if they were officers of a stock life insurance
company.

We cannot, due to the lack of sufficient facts before us,
categorically answer the specific questions propounded by you, but
believe the holding herein made, taken in conjunction with our con-
ference opinion No. 3097 the original of which is in your files, will
enable you to properly dispose of the issues presented.

LA:GO:wc

APPROVED FEB. 9, 1942
s/Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

Yours very truly
ATTORNEY GENERAL OF TEXAS
By s/Lloyd Armstrong
Lloyd Armstrong
Assistant

Approved Opinion Committee By BWB Chairman